IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR105 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MARTHA BELTRAN-MORENO, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF 72, and Motion Pursuant to 18 U.S.C. § 3582(c)(2), ECF 73, both filed by the Defendant, Martha Beltran-Moreno ("Beltran-Moreno").

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Beltran-Moreno pled guilty to Count I of an Information charging her with conspiracy to distribute 500 grams or more of methamphetamine mixture. Her guideline range was 135 to 168 months imprisonment, and she was sentenced on March 26, 2012, to the statutory mandatory minimum term of 120 months imprisonment and five years of supervised release. She did not file a direct appeal.

First, 28 U.S.C. § 2255 provides that a § 2255 motion must be filed within one year of, in relevant part, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Beltran-Moreno's judgment was entered on March 26, 2012, and she did not appeal that judgment, her § 2255 motion was due on or before March 26, 2013. She appears to argue that because Amendment 794 to Sentencing Guideline §3B1.2, governing decreases in offense levels based on mitigating roles, was effective on November 1, 2015, she should have one year from that date to submit her Motion. She further argues that Amendment 794 should apply retroactively and cause her to be resentenced with application of the newly suggested fact-based determinations. This Court disagrees with Beltran-Moreno's suggestion that Amendment 794 has any retroactive application to cases in which judgments have become final. Nonetheless, even if Amendment 794 were applied as Beltran-Moreno suggests, the application would be moot in light of her sentence at the statutory mandatory minimum term.

In her Motion under 18 U.S.C. §3582(c)(2), Beltran-Moreno argues that Amendment 782 to U.S.S.G. §2D1.1, effective November 1, 2014, should apply to reduce her sentence. While is it acknowledged that Amendment 782 may be applied retroactively to reduce sentences in cases where judgments have become final, Amendment 782 provides no relief for Beltran-Moreno, because she was sentenced to the statutory mandatory minimum term, which remains unchanged. Therefore, she is not "a defendant was has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. §3582(c)(2).

Accordingly,

IT IS ORDERED:

2

1. The Defendant's claims raised in her § 2255 motion, ECF 72, are summarily denied;

2. The Defendant's Motion Pursuant to 18 U.S.C. §3582(c)(2), ECF 73 is denied;

3. A separate Judgment will be issued; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 30th day of December, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge